FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.
★ MAR 4 - 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RICHARD LACH,

                Plaintiff,

-against-

NEW YORK STATE OFFICE OF TEMPORARY
AND DISABILITY ASSISTANCE (O.T.D.A.),

                Defendant.
------------------------------------------------------------x

11-CV-402 (ARR)

NOT FOR ELECTRONIC OR
PRINT PUBLICATION

MEMORANDUM & ORDER

Plaintiff Richard Lach filed this action *pro se* alleging that he has been improperly denied public assistance benefits.[1] Plaintiff seeks $3,660 in retroactive benefits. Compl. at 1. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

In reviewing plaintiff's complaint, the court is mindful that because plaintiff is proceeding *pro se*, his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

---

[1] Plaintiff previously filed another action in this court also seeking public assistance benefits. That action was dismissed on April 1, 2009 pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). See Lach v. N.Y. State Comm'r of the Office of Temp. and Disability Assistance, 09-CV-999 (ARR).

## DISCUSSION

Plaintiff's claims against defendant must be dismissed because states and their agencies are protected by sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001). The New York State Office of Temporary and Disability Assistance has Eleventh Amendment immunity from suit. The Eleventh Amendment of the United States Constitution states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. "The reach of the Eleventh Amendment has ... been interpreted to extend beyond the terms of its text to bar suits in federal courts against states, by their own citizens or by foreign sovereigns." State Emps. Bargaining Agent Coalition v. Rowland, 494 F.3d 71, 95 (2d Cir. 2007) (quoting W. Mohegan Tribe & Nation v. Orange Cnty., 395 F.3d 18, 20 (2d Cir. 2004)). "Sovereign immunity does not merely constitute a defense to monetary liability or even to all types of liability. Rather, it provides an immunity from suit." FMC v. S.C. State Ports Auth., 535 U.S. 743, 766 (2002). In this action, there is no evidence that defendant has waived sovereign immunity. Accordingly, plaintiff's claims are foreclosed by absolute immunity and are dismissed.

Furthermore, as plaintiff was advised in his 2009 action, this court has no jurisdiction to review a fair hearing decision. Moreover, the court notes that plaintiff annexes a letter to his

complaint from the New York State Office of Temporary and Disability Assistance, which is dated October 25, 2010. In this letter, Jacqueline M. Donovan, Supervisor of the Compliance Unit Office of Administrative Hearings, advises plaintiff that

> [w]hile the agency stipulated to review your eligibility for benefits retroactively from March through May 2009, they were upheld on the issue of discontinuing your case due to your failure to report for a mandatory evaluation appointment with the Agency's health care practitioner. That is why your case has been closed since February 26, 2010. You cannot have another hearing on this closing.

See Oct. 25, 2010 letter, annexed to complaint. The letter further advises plaintiff that, "[i]f you want to again receive benefits, you should reapply. Should you again become eligible for public assistance, you may be entitled to any retroactive benefits required by the fair hearing decision." Id.. Thus, plaintiff is advised to follow Ms. Donovan's recommendations.

## CONCLUSION

Accordingly, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/(ARR)

ALLYNE ROSS
United States District Judge

Dated: March 3, 2011
Brooklyn, New York